**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Fry, a sentient human being,  )<br>  )<br>            Plaintiff,  )<br>  )<br>v.  )<br>  )<br>United States, a Federal Corporation; the )<br>Department of the Treasury; the Internal )<br>Revenue Service; the Social Security )<br>Administration; Northwestern Mutual )<br>Life Insurance Co.; Defense Finance and )<br>Accounting Service (DFAS); Public )<br>Safety Personnel Retirement System )<br>PSPRS); Title 26 U.S.C. § 6331 et. seq.; )<br>Russell Nelson, in his official capacity; )<br>and John Does 1 through 5 inclusively, )<br>  )<br>            Defendants.  )<br>  )<br>_____ ) | No. CV-07-8175-PCT-MHM<br><br>**ORDER** |

William Fry ("the Plaintiff") has sued the federal government and several other defendants to quiet title to his real and personal property. He also seeks "return and damages." (Dkt. #1). The United States has moved to dismiss the case for lack of jurisdiction, or in the alternative, for summary judgment. (Dkt. #29).

The Court notes that the parties have referenced various materials outside of the pleadings to support their respective Motion and opposition to the Motion to Dismiss. Evidence outside the pleadings cannot normally be considered in deciding a motion to dismiss. See Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993). And although the

United States also seeks to dismiss the motion pursuant to 12(b)(1) — for which it *is* appropriate to consider evidence outside of the pleadings — it is fair to allow the Plaintiff to obtain some limited discovery in order to oppose the Motion. Id. (noting also that where the jurisdictional issue is intertwined with the underlying merits such that its resolution depends on the resolution of the merits, the Court ought to employ the standard applicable to a motion for summary judgment) (citation omitted).

The Court also notes that the United States' Motion to Dismiss the claims for unauthorized disclosure of the Plaintiff's social security is not well supported under the deferential standard afforded to non-movants opposing a motion to dismiss. Accordingly, principles of judicial economy dictate that the parties should engage in the discovery necessary to convert the Motion to Dismiss on this issue into a motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the parties be permitted to engage in limited discovery to allow the Plaintiff to oppose the Motion to Dismiss, or in the alternative, to convert the Motion into one for summary judgment. (Dkt. #29).

**IT IS FURTHER ORDERED** that discovery be completed within sixty days of this Order.

**IT IS FURTHER ORDERED** that within thirty days of the conclusion of the supplemental discovery period, the parties may file supplemental briefing with respect to the Motion to Dismiss. The Court will at that point either decide the Motion to Dismiss in accordance with the supplemental briefing, or alternatively, will convert it into a motion for summary judgment.

DATED this 15th day of September, 2008.

_____
Mary H. Murgula
United States District Judge