**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Fry, a sentient human being, ) | No. CV-07-8175-PCT-MHM |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States, a Federal Corporation; the ) | |
| Department of the Treasury; the Internal ) | |
| Revenue Service; the Social Security ) | |
| Administration; Northwestern Mutual ) | |
| Life Insurance Co.; Defense Finance and ) | |
| Accounting Service (DFAS); Public ) | |
| Safety Personnel Retirement System ) | |
| PSPRS); Title 26 U.S.C. § 6331 et. seq.; ) | |
| Russell Nelson, in his official capacity; ) | |
| and John Does 1 through 5 inclusively, ) | |
| ) | |
| Defendants. ) | |
| ) | |

William Fry ("the Plaintiff") has sued the government and several other defendants, including Public Safety Personnel Retirement System ("the Defendant" or "PSPRS"), to quiet title to his real and personal property. He also seeks "return and damages." (Dkt. #1). PSPRS has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of sovereign immunity under the Eleventh Amendment, failure to assert any claims against it, and failure to state a claim upon which relief may be granted. (Dkt. #3).

I. Background and Procedural Posture

The Plaintiff's Complaint alleges that he received three correspondences from the

Defendant between September 16, 2005 and August 30, 2007, stating that the agency had received various Notices of Levy from the IRS. (Cmplt., Dkt. #1 at ¶ 20). The Defendant informed the Plaintiff that it was required to forward the Plaintiff's retirement benefits to the IRS, which would result in the release of more than $12,174.40 from the Plaintiff's retirement account. (Id.)

The Plaintiff responded by suing PSPRS and various other defendants to quiet title to his real and personal property, and to seek "return and damages." (Cmplt., Dkt. #1). In its Motion to Dismiss, the Defendant asserts that, as a state agency, it is entitled to sovereign immunity from suit under the Eleventh Amendment. It argues further that the Plaintiff has not specifically asserted *any* claims against PSPRS to show that he is entitled to relief. Finally, PSPRS argues that 26 U.S.C. § 6332(e) immunizes it from liability, and thus, the Plaintiff has failed to state a claim upon which relief may be granted.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss will not be granted unless it appears beyond a doubt that the plaintiff cannot prove a set of facts to support the claim that would entitle the plaintiff to relief. Morely v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). When determining if a plaintiff has sufficiently stated a claim in his complaint, all allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. Whyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). When deciding a motion to dismiss for failure to state a claim, the court will only consider facts and evidence presented originally in the complaint. See North Star Int'l v. Arizona Corp. Cmm'n, 720 F.2d 578, 581-82 (9th Cir. 1983).

## III.  Analysis

Although the Defendant has asserted multiple grounds in favor of dismissal of the action, the Court finds, in the interest of judicial economy, it need address only one: failure to state a claim upon which relief may be granted.

The Plaintiff asserts that immunity under 26 U.S.C. § 6332(e) is limited to immunity from liability to the IRS. (Response, Dkt. # 7). The Plaintiff argues further that, in any

1  event, § 6332(e) does not affect the Defendant's liability for the separate and collateral issue
2  of breach of fiduciary duty.  These arguments will be addressed in turn.
3  A. § 6332(e) Only Provides Immunity From Liability to the IRS
4      The immunity provision of the statute provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) **shall be discharged from any obligation or liability to the delinquent taxpayer** and any other person with respect to such property or rights to property arising from such surrender or payment.

10  26 U.S.C. § 6332(e) (emphasis added).  The Plaintiff asserts that this provision "merely
11  protects the Defendant from being held liable by the IRS, it does not protect PSPRS from
12  being held liable by the Plaintiff . . . ." (Response, Dkt. #7).
13      The Plaintiff cites to no authority to support his position, and in fact, the plain
14  language of the statute is to the contrary.  The statute provides that any entity that surrenders
15  property pursuant to a federal levy "shall be discharged from any obligation or liability *to the*
16  *delinquent taxpayer and any other person*."  26 U.S.C. § 6332(e).  The language could
17  scarcely be more clear.
18      In addition, several unpublished cases have dismissed nearly identical claims by
19  delinquent taxpayers against third parties on immunity grounds.  In Scully v. Fireman's
20  Variable Pension Fund, this Court dismissed the taxpayer plaintiff's claims for breach of
21  fiduciary duty, fraud and conspiracy on the basis that the third-party defendant "was
22  absolutely immune from liability for honoring the IRS notice of levy under 26 U.S.C. §
23  6332(e)."  No. CV98-0121, 1998 U.S. Dist. LEXIS 21161, at *5 (D. Ariz. December 19,
24  1998).  See also Kish v. Rogers, No. H-06-2389, 2006 U.S. Dist. LEXIS 81812, at *12 (S.D.
25  Tex. November 8, 2006) (dismissing third parties from suit on § 6332(e) immunity grounds
26  in delinquent taxpayer's breach of contract action); Shephard v. IRS, No. 05-CV-885, 2006
27  U.S. Dist. LEXIS 69029, at *6 (N.D.N.Y. September 26, 2006) ("[T]o the extent the
28  [taxpayer's] complaint challenges defendants' compliance with the IRS's 'Notice of Levy,'

1 because § 6332(e) immunizes defendants from suit, it fails to state a claim upon which relief
2 can be granted."). Accordingly, the Court finds no support for the Plaintiff's contentions.
3 B. Qualified Immunity Does Not Extend to State Law Claims for Breach of Fiduciary Duty
4       The Plaintiff argues that the qualified immunity in § 6332(e) does not extend to the
5 Plaintiff's right to sue for injuries arising out of PSPRS's acts as a fiduciary. He also asserts
6 that PSPRS did not allow the Plaintiff to exercise his Due Process rights to stop "the non-
7 judicial administrative levy." (Response, Dkt. #7). He argues that these claims are separate
8 and collateral issues, unaffected by the immunity provided for in the Internal Revenue Code.
9       The Plaintiff fails to support his position with any relevant case law, and the Court can
10 find no authority that would allow the Plaintiff to maintain this action, even under a broad
11 reading of his complaint. The plain language of the immunity provision discharges the
12 Defendant from "*any obligation or liability to the delinquent taxpayer . . . arising from such*
13 *surrender or payment.*" 26 U.S.C. § 6332(e). The statute makes no exception for the types
14 of claims the Plaintiff wishes to assert here.
15       Further, the actions the Plaintiff complains of fall squarely within the plain meaning
16 of the immunity provision: the Defendant surrendered to the IRS a portion of the Plaintiff's
17 pension to partially satisfy the Plaintiff's alleged federal tax liability. (Dkt. #3, 7). As such,
18 any conceivable liability to the Plaintiff would arise from "such surrender or payment." See
19 26 U.S.C. § 6332(e). This is precisely the type of liability contemplated by the immunity
20 provision of the statute. Id. Reading an exception into the statute for the Plaintiff's claims
21 would render the immunity virtually meaningless. Accordingly, the Court finds this
22 argument meritless.
23 / / /
24
25
26
27
28

- 4 -

IV. Conclusion

The Court finds that Defendant PSPRS is entitled to dismissal of the Plaintiff's claims against it, with prejudice, on the basis of immunity under 26 U.S.C. § 6332(e).

Accordingly,

**IT IS ORDERED** granting the Defendant's Motion to Dismiss. (Dkt. #3).

DATED this 15th day of September, 2008.

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge