**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Fry, a sentient human being, ) | No. CV-07-8175-PCT-MHM |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States, a Federal Corporation; the ) | |
| Department of the Treasury; the Internal ) | |
| Revenue Service; the Social Security ) | |
| Administration; Northwestern Mutual ) | |
| Life Insurance Co.; Defense Finance and ) | |
| Accounting Service (DFAS); Public ) | |
| Safety Personnel Retirement System ) | |
| PSPRS); Title 26 U.S.C. § 6331 et. seq.; ) | |
| Russell Nelson, in his official capacity; ) | |
| and John Does 1 through 5 inclusively, ) | |
| ) | |
| Defendants. ) | |
| ) | |

William Fry ("the Plaintiff") has sued the government and several other defendants, including Northwestern Mutual Life Insurance Co. ("the Defendant"), to quiet title to his real and personal property. He also seeks "return and damages." (Dkt. #1). Defendant Northwestern Mutual has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of immunity. (Dkt. #20).

I. Background and Procedural Posture

The Plaintiff's Complaint alleges that he received multiple correspondences from

the Defendant between August 28, 2007 and October 16, 2007, stating that the company had received various Notices of Levy from the IRS. (Cmplt., Dkt. #1 at ¶ 19). The Defendant informed the Plaintiff that it intended to honor the Notices of Levy, which would result in the release of the Plaintiff's personal property to the IRS. (Cmplt., Dkt. #1 at Exhibit G).

The Plaintiff responded by suing the Defendant for "acting in bad faith and breach of contract, advancing an alleged loan[1] without the written consent or authorization of [the Plaintiff]." (Id. at ¶ 125-36). In its Motion to Dismiss, the Defendant asserts that the only conduct alleged to have breached the parties' agreement is the Defendant's stated intention to comply with the levy. (Dkt. #20). Because the Internal Revenue Code clearly provides immunity for complying with an IRS levy of non-exempt property, the Defendant argues that the Plaintiff's action must be dismissed. (Dkt. #20, 31).

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss will not be granted unless it appears beyond a doubt that the plaintiff cannot prove a set of facts to support the claim that would entitle the plaintiff to relief. Morely v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). When determining if a plaintiff has sufficiently stated a claim in his complaint, all allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. Whyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). When deciding a motion to dismiss for failure to state a claim, the court will only consider facts and evidence presented originally in the complaint. See North Star Int'l v. Arizona Corp. Cmm'n, 720 F.2d 578, 581-82 (9th Cir. 1983).

## III. Analysis

The Internal Revenue Code indicates the following effect of honoring an IRS levy:

---

[1] The Defendant explained to the Plaintiff that compliance with the IRS's levy was made through a loan against the cash value of the Plaintiff's policy, and that the loan would be made at the expiration of ninety days after receipt of the levy. (Complaint, Dkt. #1, Exhibit G). See 26 U.S.C. § 6332(b)(2) (deeming a levy satisfied if the organization pays over "the amount which the person against whom the tax is assessed could have had advanced to him" by the organization).

- 2 -

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) **shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment**.

26 U.S.C. § 6332(e) (emphasis added). The Defendant argues that the plain language of this provision, as well as relevant case law, provides it with absolute immunity for honoring the IRS's levy.

The Plaintiff responds that the qualified immunity does not extend to the Plaintiff's right to sue for breach of contract. The Plaintiff argues further that state law applies to contracts, and that state law exempts the "cash surrender value" of life insurance policies from "execution, attachment or sale on any process issued from any court." (Response, Dkt. #22) (citing A.R.S. § 33-1126). Finally, the Plaintiff argues that the immunity provision of 26 U.S.C. § 6332(e) only provides immunity from liability as against the IRS, and not as against the delinquent taxpayer for violation of state law, breach of fiduciary duty and breach of contract. These arguments will be addressed in turn.

A. Qualified Immunity Does Not Extend to State Law Claims for Breach of Contract

The Plaintiff argues that the qualified immunity in § 6332(e) does not extend to the Plaintiff's right to sue for breach of contract. He asserts that his breach of contract claim is a separate and collateral issue, unaffected by the immunity provided for in the Internal Revenue Code.

The Plaintiff fails to support his position with any relevant case law, and the Court can find no authority that would allow the Plaintiff to maintain this action, even under a broad reading of his complaint. The plain language of the immunity provision discharges the Defendant from "*any obligation or liability to the delinquent taxpayer . . . arising from such*

- 3 -

*surrender or payment.*" 26 U.S.C. § 6332(e). The statute makes no exception for state law claims.

Further, the actions the Plaintiff complains of fall squarely within the plain meaning of the immunity provision: the Defendant "intends to surrender the cash value of the Plaintiff's personal property totaling $135,835.25 on January 9, 2008, honoring the administrative levy . . . ." (Cmplt., Dkt. #1 at ¶ 127). As such, this liability — "arising from such surrender or payment" — is precisely the type of liability contemplated by the immunity provision of the statute. 26 U.S.C. § 6332(e). Reading an exception into the statute for such state law claims would render the immunity virtually meaningless. Accordingly, the Court finds this argument meritless.

B.  Applicable State Law Exempts the Cash Surrender Value of Life Insurance Policies

The Plaintiff argues that, even if the immunity provision were to apply, Arizona state law trumps federal law by providing that insurance policies are exempt from execution, attachment or sale. (Response, Dkt. #22 at ¶¶ 7-9) (citing A.R.S. § 33-1126). For support, the Plaintiff cites to De Almada v. Sovereign Camp W.O.W., 49 Ariz. 433 (1937).[2] This case is unavailing. De Almada stands for the general propositions that (1) a life insurance policy is a contract that the court must enforce as written; (2) life insurance contracts are construed in favor of the insured; and (3) forfeitures are not favored by the law.[3]  49 Ariz. at 436.

---

[2] The Plaintiff also cites to DaimlerChrysler Services North America v. Arizona Department of Revenue, 210 Ariz. 297, 110 P.3d 1031 (Ariz. App. 2005). While it is unclear why the Plaintiff directed the Court's attention to this case — the Plaintiff provides no pin cite, quotes or explanatory parenthetical — it is sufficient to note that the case does not stand for the proposition that state law exemptions trump those provided for in the Internal Revenue Code.

[3] Although the case cited does not support the Plaintiff's position, the Court notes that, as pointed out in the Defendant's Reply, the Plaintiff has not suffered a forfeiture of his insurance policy. The Defendant's compliance with the levy benefits the Plaintiff by reducing his debt to the IRS.

- 4 -

These general propositions, however, have no effect on the law with respect to exemptions from federal levy, and the case is not on point here.

Further, the Plaintiff's argument has been squarely addressed and rejected by the United States Supreme Court. According to the Court, "exempt status under state law does not bind the federal collector. Federal law governs what is exempt from federal levy." United States v. Mitchell, 403 U.S. 190, 204 (1971); see also Drye v. United States, 528 U.S. 49, 57 (1999) ("The language of § 6334 is specific and it is clear that there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law") (citing id., internal quotations omitted).

The cash value of insurance polices does not appear in the list of exemptions under federal law. See 26 U.S.C. § 6334(a) (enumerating thirteen categories of exempt property). 26 U.S.C. § 6334(c) specifically states that "no other property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." Accordingly, the cash value of the Plaintiff's insurance policies is properly subject to levy, and the Plaintiff's argument to the contrary is rejected.

C. § 6332(e) Only Provides Immunity From Liability to the IRS

The Plaintiff asserts that the statutory immunity "merely protects the Defendant from being held liable by the IRS within the confines of that statute," and does not protect the Defendant from being held liable for breach of contract. (Response, Dkt. #22 at ¶ 11).

The Plaintiff cites to no authority for his assertion that statutory immunity extends only to suits by the IRS. In fact, the plain language of the statute and the case law interpreting it are to the contrary.

As discussed above, the immunity statute provides that any entity that surrenders property pursuant to a federal levy "shall be discharged from any obligation or liability *to the delinquent taxpayer and any other person.*" 26 U.S.C. § 6332(e). The language could scarcely be more clear.

- 5 -

Further, the Ninth Circuit has explicitly stated that § 6332(e) "provides the third party an absolute defense against any subsequent claim by a 'delinquent taxpayer or any other person.'" United States v. Hemmen, 51 F.3d 883, 888 n.3 (9th Cir. 1995) (citing 26 U.S.C. § 6332(e)); see also United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985) ("In the situation where a taxpayer's property is held by another, a notice of levy upon the custodian is customarily served pursuant to § 6332(a) . . . If the custodian honors the levy, he is discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment.") (internal citation and quotation omitted).[4]

In addition, several unpublished cases have dismissed nearly identical claims by delinquent taxpayers against third parties on immunity grounds. See Kish v. Rogers, No. H-06-2389, 2006 U.S. Dist. LEXIS 81812, at *12 (S.D. Tex. November 8, 2006) (dismissing third parties from suit on § 6332(e) immunity grounds in delinquent taxpayer's breach of contract action); Shephard v. IRS, No. 05-CV-885, 2006 U.S. Dist. LEXIS 69029, at *6 (N.D.N.Y. September 26, 2006) ("[T]o the extent the complaint challenges defendants' compliance with the IRS's "Notice of Levy," because § 6332(e) immunizes defendants from suit, it fails to state a claim upon which relief can be granted."); Scully v. Fireman's Variable Pension Fund, No. CV98-0121, 1998 U.S. Dist. LEXIS 21161, at *5 (D. Ariz. December 19, 1998) (affirming dismissal of the plaintiff's claims for breach of fiduciary duty, fraud and conspiracy on the basis that the defendant "was absolutely immune from liability for honoring the IRS notice of levy under 26 U.S.C. § 6332(e)."). Accordingly, the Court finds no support for the Plaintiff's contentions.

---

[4]The Plaintiff points out that the cases cited by the Defendant involve suits by the IRS, rather than the delinquent taxpayer, against a third party. Other than that the language with respect to immunity against the delinquent taxpayer constitutes dictum, the Court does not see the relevance of this fact. In any event, the Plaintiff has provided no support for his argument that third parties are immune only as against the IRS. The Court finds the plain language of the statute controlling, and the reasoning of the cited cases persuasive.

- 6 -

IV. Conclusion

The Court finds that Defendant Northwestern Mutual is entitled to dismissal of the Plaintiff's claims against it, with prejudice, on the basis of immunity under 26 U.S.C. § 6332(e).

Accordingly,

**IT IS ORDERED** granting the Defendant's Motion to Dismiss.  (Dkt. #20).

DATED this 15th day of September, 2008.

_____
Mary H. Murguia
United States District Judge